1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IVAN STAICH,

11            Plaintiff,                      No. CIV S-05-1235 GEB GGH P

12        vs.

13   ARNOLD SCHWARZENEGGER, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint filed February 8,

18   2005.  For the following reasons, the complaint is dismissed with leave to amend.

19            The only named defendant is Governor Schwarzenegger.  Plaintiff alleges that

20   California Penal Code § 3041 is unconstitutionally vague and violates due process.[1]

21            Cal. Penal Code § 3041 provides,

22            (a) In the case of any prisoner sentenced pursuant to any provision of law, other
              than Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, the Board

23

24            [1] One can validly wonder what plaintiff hopes to attain from this lawsuit.  If the only
     statute authorizing parole were to be held unconstitutional, there would be no authority in
25   California for authorizing parole.  Because there is no federal mandate for states to have parole
     programs, plaintiff would simply serve out his maximum sentence in the absence of a state
26   authorized parole system.

                                              1

of Prison Terms shall meet with each inmate during the third year of incarceration for the purposes of reviewing the inmate's file, making recommendations, and documenting activities and conduct pertinent to granting or withholding postconviction credit.  One year prior to the inmate's minimum eligible parole release date a panel consisting of at least two commissioners of the Board of Prison Terms shall again meet with the inmate and shall normally set a parole release date as provided in Section 3041.5. The panel shall consist solely of commissioners or deputy commissioners from the Board of Prison Terms.

The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public, and that will comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the prisoner was sentenced and other factors in mitigation or aggravation of the crime.

Cal. Penal Code § 3041.

In compliance with the statutory mandate, the Board of Prison Terms issued regulations which guide it in finding prisoners convicted of life offenses with parole eligibility for parole setting.  Cal. Code Regs. tit. 15, § 2402 sets forth the criteria for determining whether an inmate is suitable for parole.  Section 2402(a) provides that regardless of the length of time served, a prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.

Section 2402(c) sets forth the circumstances tending to show unsuitability.  The court lists those of significance here:

(1) Commitment Offense.  The prisoner committed the offense in an especially heinous, atrocious or cruel manner.  The factors to be considered include:

(A) Multiple victims were attacked, injured or killed in the same or separate incidents.

(B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style manner.

(C) The victim was abused, defiled or mutilated during or after the offense.

\\\\\\

2

(D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.

(E) The motive for the crime is inexplicable or very trivial in relation to the offense.

(2) Previous Record of Violence. The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age.

(3) Unstable Social History.  The prisoner has a history of unstable or tumultuous relationships with others.

(4) Sadistic Sexual Offenses.  The prisoner has previously sexually assaulted another in a manner calculated to inflict unusual pain or fear upon the victim.

(5) Psychological Factors.  The prisoner has a lengthy history of severe mental problems related to the offense.

(6) Institutional Behavior.  The prisoner has engaged in serious misconduct in prison or jail.

Section 2402(d) sets forth the circumstances tending to indicate suitability:

(1) No Juvenile Record.  The prisoner does not have a record of assaulting others as a juvenile or committing crimes with a potential of personal harm to the victims.

(2) Stable Social History.  The prisoner has experienced reasonably stable relationships with others.

(3) Signs of Remorse.  The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, or indicating that he understands the nature and magnitude of the offense.

(4) Motivation for the Crime.  The prisoner committed his crime as the result of significant stress in his life, especially if the stress has built over a long period of time.

(5) Battered Woman Syndrome . . .

(6) Lack of Criminal History.  The prisoner lacks any significant history of violent crime.

(7) Age.  The prisoner's present age reduces the probability of recidivism.

(8) Understanding and Plans for Future.  The prisoner has made realistic plans for release or has developed marketable skills that

can be put to use upon release.

(9) Institutional Behavior.  Institutional activities indicate an enhanced ability to function within the law upon release.

A statute (or regulation) is void for vagueness "if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement."  United States v. Doremus, 888 F.2d 630, 634 (9th Cir. 1989).  The threshold question in a vagueness challenge is "whether to scrutinize the statute for intolerable vagueness on its face or whether to do so only as the statute is applied in a particular case." Schwartzmiller v. Gardner, 752 F.2d 1341, 1346 (9th Cir. 1984).

Where speech or other constitutionally protected conduct is not the subject of a statute or regulation and is not otherwise implicated in the case and if related constitutional rights are not expressly invoked in a challenge to facial validity, the court need only examine the vagueness challenge under the facts of a particular case and decide whether, under a reasonable construction of the statute or regulation, the conduct in question is prohibited.  United States v. Hogue, 752 F.2d 1503, 1504 (9th Cir. 1985).  Finally, "[i]n scrutinizing a statute for intolerable vagueness as applied to specific conduct, courts must 'take the statute as though it read precisely as the highest court of the state has interpreted it."  Schwartzmiller, 752 F.2d at 1348.

In the instant case, speech is in no way implicated.  Accordingly, to state a colorable claim plaintiff must demonstrate that the statute failed to give plaintiff reasonable notice regarding his parole eligibility.

Plaintiff argues that the statement in § 3041 that the parole board shall "normally set" a parole release date is vague because the statute does not define "normally set."  Plaintiff also argues that the statute is unconstitutionally vague because it does not explain "uniform terms" or what "gravity and magnitude" mean with respect to the threat to the public.

As stated above, in compliance with the statutory mandate, the Board of Prison Terms issued regulations which guide it in finding prisoners convicted of life offenses with

1   parole eligibility for parole setting.  Cal. Code Regs. tit. 15, § 2402 sets forth the criteria for

2   determining whether an inmate is suitable for parole.  These regulations guide the Board of

3   Prison Terms in its application of § 3041.  Therefore, to succeed on his vagueness challenge

4   plaintiff must demonstrate that he did not have notice that these factors would apply to him based

5   on the circumstances of his commitment offense.  Plaintiff has not made this showing.  Plaintiff

6   has not, for example, argued that he was found unsuitable because of an unstable social history (§

7   2402(c)(3), and that he had no notice that this particular regulation would apply to him based on

8   his personal history.  Accordingly, plaintiff's claim challenging § 3041 on vagueness grounds is

9   dismissed.

10          Plaintiff also argues that § 3041 violates his right to due process.  Plaintiff's

11  arguments in support of this claim are more claims alleging that the statute is unconstitutionally

12  vague.  The court has discussed above what plaintiff must plead in order to state a colorable

13  claim challenging § 3041 on vagueness ground.

14          Accordingly, IT IS HEREBY ORDERED that plaintiff's February 8, 2006,

15  amended complaint is dismissed with thirty days leave to file a second amended complaint;

16  failure to file a second amended complaint within this time will result in a recommendation of

17  dismissal of this action.

18  DATED: 4/10/06                              /s/ Gregory G. Hollows

19                                              _____
                                                GREGORY G. HOLLOWS
20                                              UNITED STATES MAGISTRATE JUDGE

21  ggh:kj
    sta1235.ame
22

23

24

25

26