1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10  IVAN VON STAICH,

11              Plaintiff,                    No. CIV S-05-1235 GEB GGH P

12       v.

13  ARNOLD SCHWARZENEGGER, et al.,

14              Defendants.            FINDINGS & RECOMMENDATIONS

15  _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17  42 U.S.C. § 1983.  Pending before the court are plaintiff's motions for summary judgment filed

18  March 5, 2008, and March 10, 2008.  The motion filed March 10, 2008, is identical to the motion

19  filed March 10, 2008.  After carefully considering the record, the court recommends that

20  plaintiff's motions be denied.

21  SUMMARY JUDGMENT STANDARDS UNDER RULE 56

22              Summary judgment is appropriate when it is demonstrated that there exists "no

23  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

24  matter of law."  Fed. R. Civ. P. 56(c).

25              Under summary judgment practice, the moving party

26              always bears the initial responsibility of informing the district court

1

of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322, 106 S. Ct. at 2552.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the

2

1   dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the

2   nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

3              In the endeavor to establish the existence of a factual dispute, the opposing party

4   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

5   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6   versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

7   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

8   genuine need for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P.

9   56(e) advisory committee's note on 1963 amendments).

10             In resolving the summary judgment motion, the court examines the pleadings,

11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

12  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

13  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

14  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587, 106 S. Ct.

15  at 1356.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

16  obligation to produce a factual predicate from which the inference may be drawn.  See Richards

17  v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

18  (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than

19  simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record

20  taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

22  DISCUSSION

23             This action is proceeding on the third amended complaint filed November 29,

24  2007, against defendants Governor Schwarzenegger and Parole Hearing Commissioners Welch

25  and Quintiliani.  Plaintiff alleges that defendants continued to use rules violation reports from

26  grooming violations during plaintiff's parole hearings in violation of the Religious Land Use and

1   Incarcerated Persons Act (RLUIPA).  Plaintiff seeks injunctive relief only in the form of an order

2   prohibiting defendants from using these rules violations reports during his parole suitability

3   hearings.

4           Plaintiff moves for summary judgment on his RLUIPA claim and a claim made

5   pursuant to the Americans with Disabilities Act (ADA).  The third amended complaint contains

6   no ADA claim.  On November 10, 2007, the court issued findings and recommendations

7   addressing defendants' motion to dismiss.  As for the ADA claim raised in the second amended

8   complaint, the court stated that if plaintiff filed a third amended complaint, he could include this

9   claim.  Findings and Recommendations, p. 14: 20-23.  The court ordered that if plaintiff did not

10   file an amended complaint, defendants were ordered to answer the ADA claim.  Id.

11           Plaintiff did not include his ADA claim in the third amended complaint.

12   Accordingly, the portion of his summary judgment motion addressing an ADA claim is

13   disregarded.

14           Plaintiff moves for summary judgment as to his RLUIPA claim on grounds that

15   the Ninth Circuit issued an order in his favor as to this claim in another case.  Attached to the

16   summary judgment motion as an exhibit is an order by the Ninth Circuit dated October 16, 2007.

17   This order addresses an order by the United States District Court for the Northern District of

18   California dismissing a habeas claim and civil rights claim for injunctive relief and damages

19   pursuant to, in relevant part, RLUIPA.  In this action, plaintiff alleged that he was being punished

20   for his religious beliefs in violation of RLUIPA because of his refusal to comply with grooming

21   regulations.  The only defendant named in connection with the RLUIPA claim in this order was

22   defendant Rianda.

23           The Ninth Circuit affirmed the order finding the damages claims barred by

24   qualified immunity.  The Ninth Circuit found that the claims for injunctive relief were not moot

25   and remanded to allow plaintiff to amend his complaint to allege ongoing punishment.

26   /////

1    Plaintiff also argues that he is entitled to summary judgment because in the

2    Northern District case, he is now in settlement discussions with the Attorney General's Office.

3    Attached as exhibit B to his motion is a copy of a pleading titled "joint stipulation for an

4    extension of time to file a dispositive motion and to discuss settlement" filed in the Northern

5    District action.  The pleading states that the extension of time will give the parties an opportunity

6    to discuss settlement possibilities.

7    Defendants oppose plaintiff's motion on several grounds.  Defendants first argue

8    that the motion should be denied because it does not contain a "Statement of Undisputed Facts"

9    as required by Local Rule 56-260(a).  Because plaintiff failed to provide a statement of

10   undisputed facts, as required by Local Rule 56-260(a), his summary judgment motion should be

11   denied.

12   Defendants next argue that plaintiff's argument that they are collaterally estopped

13   from litigating the RLUIPA claim is without merit.  Issue preclusion bars relitigation of issues

14   adjudicated in an earlier proceeding if three requirements are met:

15        1) the issue necessarily decided at the previous proceeding is identical to the one
          which is sought to be relitigated; 2) the first proceeding ended with a final
16        judgment on the merits; and 3) the party against whom collateral estoppel is
          asserted was a party on in privity with a party at the first proceeding.

17

18   Kourtis v. Cameron, 419 F.3d 989, 994 (9th Cir. 2005).

19   Defendants observe that there was no final judgment in the Northern District case.

20   The Ninth Circuit reversed the Northern District's dismissal of the RLUIPA injunctive relief

21   claim as moot and remanded to allow plaintiff to amend his complaint.  The court agrees that

22   collateral estoppel does not apply because there is no final judgment in the Northern District

23   case.

24   Defendants also argue that collateral estoppel is not applicable because the

25   Northern District case involved different defendants.  Plaintiff has made no showing that the

26   defendants in the Northern District case are in privity with the defendants in the instant action.

1  Accordingly, collateral estoppel is not applicable for this reason as well.

2          For the reasons discussed above, the court recommends that plaintiff's summary

3  judgment motions be denied.

4          Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's summary

5  judgment motions filed March 5, 2008, and March 10, 2008, be denied.

6          These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

8  days after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11 shall be served and filed within ten days after service of the objections.  The parties are advised

12 that failure to file objections within the specified time may waive the right to appeal the District

13 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14 DATED: 05/12/08

15                              /s/ Gregory G. Hollows

16                              _____

                                UNITED STATES MAGISTRATE JUDGE

17

18

19 st1235.sj

20

21

22

23

24

25

26