IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

        Plaintiff,                      No. CIV S-05-1235 GEB GGH P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.         ORDER and FINDINGS &

                               /        RECOMMENDATIONS

I. Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff brings this action against Governor Schwarzenegger and Board of Parole Hearing (BPH) Commissioners, Welch and Quintiliani, for allegedly violating the Religious Land Use and Incarcerated Persons Act of 2000 (RLUIPA) by considering plaintiff's grooming rule violations during his parole hearings. Plaintiff seeks declaratory and injunctive relief barring the consideration of grooming rule violations in future hearings. Defendants contend that plaintiff's grooming rule violations have been expunged from his record and this action is therefore moot.

        Pending before the court are: 1) defendants' motion for summary judgment, filed on December 19, 2008, to which plaintiff replied; 2) plaintiff's motion for leave to file a fourth

amended complaint[1], filed on March 2, 2009, to which defendants have filed their opposition; 3) plaintiff's motion for declaratory relief, filed on March 2, 2009; 4) plaintiff's request to consolidate this case with another action, filed on April 7, 2009; and 5) plaintiff's request for a temporary restraining order/preliminary injunction, filed on April 17, 2009. The court will address plaintiff's request to file a fourth amended complaint first.

II. <u>Motion to File a Fourth Amended Complaint</u>

This action, filed nearly four years ago, on June 20, 2005, is now proceeding on the third amended complaint, filed on November 29, 2007, against the three defendants, all of whom have filed answers. See Docket #34. Defendants also filed a motion for summary judgment nearly three months prior to plaintiff's instant request. Plaintiff now seeks leave to proceed upon a fourth amended complaint.

Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. <u>See</u> Fed. R. Civ. P. 15(a). As noted, the defendants have previously filed their answers and oppose this motion.

Plaintiff's proposed fourth amended complaint identifies two additional named defendants, in addition to several other unidentified BPH commissioners, along with new allegations. The motion and proposed fourth amended complaint were filed a year and a half after the third amended complaint. Defendants contend that the proposed fourth amended complaint would work to the substantial prejudice of defendants insofar as additional discovery would be necessitated and a motion for summary judgment is already pending.

As to granting leave to amend at the point at which pleadings may only be granted by leave of court, Fed. R. Civ. P. 15(a)(2) states that "[t]he court should freely give leave when justice so requires." Nevertheless "whether to grant leave to amend .... remains within the discretion of the district court...." <u>Manzarek v. St. Paul Fire and Marine Ins. Co.</u>, 519 F.3d 1025,

---

[1] Plaintiff has erroneously labeled it the third amended complaint.

1034 (9th Cir. 2008). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007), quoting Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir.1991) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)). It is an abuse of discretion to deny leave to amend "without any justifying reason." Forman, supra.

There is little doubt that adding the proposed allegations and additional defendants would work to the prejudice of the defendants, in light of the already significant amount of litigation. Plaintiff does not offer a reasonable justification for his undue delay in attempting to add defendants and allegations that occurred prior to his filing the third amended complaint and could have been included in that complaint. Plaintiff essentially requests that this five-year-old case should basically be re-commenced in order to serve additional defendants and proceed with discovery anew. Plaintiff's request is denied. Plaintiff's proposed fourth amended complaint will be stricken and this action will continue to proceed on the third amended complaint.

III. Motion for Summary Judgement

Legal Standard

Summary judgment is appropriate when it is demonstrated that the standard set forth in Fed. R. Civ. P. 56(c) is met. "The judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact, and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct., 2548, 2553 (1986). "[W]here the

nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

4

versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255, 106 S. Ct. at 2513. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1356 (citation omitted).

Facts

The following facts are not disputed by either party or following the court's review of the evidence submitted, have been deemed undisputed. Plaintiff is a Nazarite whose teachings compel him to keep his hair long. At the time in dispute, plaintiff's hair length was in violation of CDCR grooming regulations. Plaintiff received three grooming rule violations in 1998 and several after 1998. Defendants referred to plaintiff's grooming violations during his parole hearings in 2002 and 2007.

Defendants have already expunged from plaintiff's prison record references to all of plaintiff's grooming violations that occurred after 1998 and references to the rule violations in

the minutes of plaintiff's prior parole hearings. Plaintiff was given the opportunity to see his prison record to confirm. The three violations from 1998 remain on plaintiff's prison record.

The only issues in dispute are if the 1998 rule violations should be expunged and if the relief plaintiff sought for the post-1998 rule violations is moot.

Analysis

Post-1998 Violations

Generally, a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S.Ct. 1382, 1390 (2000). The basic question in determining mootness is "'whether there is a present controversy as to which effective relief can be granted.'" Outdoor Media Group. Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir.2007). Moreover, where injunctive relief is sought, "'the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief.'" Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001).

Defendants moved for summary judgment on December 19, 2008. Plaintiff filed an opposition on January 12, 2009, to which defendants filed a reply on February 2, 2009. Defendant's motion for summary judgment included a declaration from A. Pitoniak, the litigation coordinator at California Men's Colony, where plaintiff is incarcerated. Pitoniak stated that in September 2008, he expunged all references to post-1998 grooming violations from plaintiff's prison record and they would no longer be used in BPH hearings. Motion for Summary Judgment, Exhibit A.

Defendants reply also included an additional declaration from Pitoniak. Reply, Exhibit B. Pitoniak stated that on January 20 and 21, 2009, he met with plaintiff who was given an opportunity to see his central file and his BPH file and confirm that the references to post-1998 grooming violations had been removed. Id. Pitoniak states that plaintiff reviewed the materials in order to point out any improper references that should be redacted. Id. Pitoniak

further states that these are the documents that BPH commissioners will use in future parole hearings. Id.

The relief that plaintiff sought in connection with the post-1998 violations has been granted. There is no other relief the court can grant. As such, this claim is moot, summary judgment should be granted for defendants, and the claim dismissed.

1998 Violations

Plaintiff also seeks expungement of his 1998 grooming violations through either retroactive application of RLUIPA, injunctive relief under the standard set forth in Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254 (1987), or pursuant to Greenhortz v. Inmates of the Nebraska Penal and Correctional Complex, 442, U.S. 1, 99 S.Ct. 2100 (1979).

The RLUIPA statute is silent regarding its retroactive effect. Mayweathers v. Terhune, 328 F.Supp.2d 1086, 1098 (E.D.Cal.2004), citing Orafan v. Goord, 2003 WL 21972735 (N.D.N.Y. Aug 11, 2003) ("Unlike its predecessor, RLUIPA is silent as to its retroactive applicability."). After assessing the application of the then-new statute for its retroactive impact in, inter alia, imposing liability for past conduct, the Mayweather Court determined that "[p]re-RLUIPA monetary damages, for instance, would clearly be precluded," but found that "since the function of injunctive relief is directed to the future and not toward remediation of past wrongs," "prospective injunctive relief is ordinarily not considered retroactive, and courts have so held in the context of RLUIPA." Mayweathers, at 1098, citing Kikumura v. Hurley, 242 F.3d 950, 960 n. 5 (10th Cir.2001) (holding that the application of RLUIPA was not retroactive where the plaintiffs sought injunctive relief); Dilaura v. Ann Arbor Charter Twp., 30 Fed.Appx. 501, 509 (6th Cir.2002) ("Plaintiffs are seeking prospective relief [under RLUIPA] in the form of an injunction ordering the township to allow them to run their retreat house. Injunctive relief is prospective, not retroactive."). However, as Judge Karlton noted, where the effect of the injunctive relief would not simply be an order to refrain from violative conduct in the future (regardless of when the violations took place), but would also seek to overturn the effects of

valid-at-the-time legal consequences, RLUIPA would not be retroactively applied. Id. This finding is in accord with the more familiar and analogous situation where criminal penalties are not expunged simply because the law has changed in a way where the conviction or penalty could not be presently sustained. See United States v. McGlory, 968 F.2d 309, 349-350 (3rd Cir. 1992) (refusing to recharacterize a prior felony as a misdemeanor simply because of a substantive change in the law reducing the type of offense to a misdemeanor after final conviction for the prior felony).

Under the controlling law prior to RLUIPA, plaintiff's argument still fails. Prior to RLUIPA, regulations that impinged on an inmate's constitutional rights would be upheld only if they were reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987). Using the standard set forth in Turner, the Ninth Circuit held that CDCR's hair-length regulation was reasonably related to legitimate penological interests. Henderson v. Terhune, 379 F.3d 709, 715 (9th Cir.2004). The Ninth Circuit explained that there was a clear connection between CDCR's hair regulation and its desire to prevent inmates from quickly changing their appearance after an escape, hiding weapons and contraband in their hair, displaying gang-related hairstyles, and maintaining a safe and clean prison environment. Id. at 713.

Finally, plaintiff's reliance on Greenhortz v. Inmates of the Nebraska Penal and Correctional Complex, 442, U.S. 1, 99 S.Ct. 2100 (1979), is misplaced. In Greenhortz, the Supreme Court ruled on the Nebraska parole board procedures. In upholding, the Nebraska system, the Court listed the factors that Nebraska law requires the parole board to consider. This included prisoner misconduct only in the six month period prior to the parole hearing. As defendants correctly note, the Supreme Court was simply describing the Nebraska law. This is not binding on California state law, thus it does not bar the 1998 grooming violations.

Summary judgment should be granted to defendants and the 1998 grooming violations should remain in plaintiff's file.

IV. Motion for Declaratory Relief and Consolidation

Plaintiff's request for declaratory relief and consolidation of the instant case with another action are vacated in light of the court's recommendation that defendants' motion for summary judgment be granted.

V. Motion for Temporary Restraining Order/Preliminary Injunction

Plaintiff has also filed a motion for a temporary restraining order/preliminary injunctive relief to prevent correctional officers from issuing new rule violations due to plaintiff's long hair. Plaintiff's motion should be denied as it has been recommended that summary judgment be granted and this case dismissed and plaintiff essentially asks the court to order correctional officials to obey the law.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to file a fourth amended complaint, filed on March 2, 2009 (Docket #64), be denied, this matter to proceed on the third amended complaint;

2. Plaintiff's motion for declaratory relief, filed on March 2, 2009 (Docket #66), is vacated;

3. Plaintiff's motion to consolidate, filed on April 10, 2009 (Docket #70), is vacated;

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment, filed on December 19, 2008 (Docket #56), be granted and plaintiff's complaint be dismissed in its entirety;

2. Plaintiff's motion for a temporary restraining order/preliminary injunctive relief, filed on April 17, 2009 (Docket #71), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: 05/14/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

8  GGH:AB
   stai1235.sj